UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HONABLE,<br><br>    Petitioner,<br><br>    v.<br><br>ELVIN VALENZUELA,[1]<br><br>    Respondent. | No.  2:13-cv-1203 JAM KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a former state prisoner, proceeding without counsel. Petitioner paid the filing fee. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

---

[1] The current Warden of the California Men's Colony is Elvin Valenzuela, who is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

petitioner is not entitled to relief in the district court. . . ." Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See,e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing."  Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).  Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214.  In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review.  Id., 536 U.S. at 220, 222-23.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III.  Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled guilty to possession of cocaine base for sale (count one), and unlawful possession of a controlled substance for sale (count three).  (Respondent's Lodged Document ("LD") 1.)

2. On January 31, 2011, petitioner was sentenced as follows:  as to count one, the middle term of four years was imposed; as to the enhancement to count one, the three-year sentence was ordered stricken for the purpose of sentencing; and, as to count three, the imposed upper term of four years was ordered to be served concurrent with count one.  (LD 1.)

3. Petitioner did not appeal his conviction.[2]

4. On January 24, 2012,[3] petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court, which was denied on February 2, 2012.  (LD 3, 4.)

---

[2] Unless otherwise indicated, all of petitioner's subsequent court filings were given benefit of the mailbox rule.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

[3] Petitioner did not include a date with his signature on the petition, and did not include a certificate of service.  Therefore, the court is unable to apply the mailbox rule to the first petition filed in the state superior court.

1        5. On November 4, 2012, petitioner filed a second petition for writ of habeas corpus in

2  the San Joaquin County Superior Court.  (LD 5.)  On December 17, 2012, the superior court

3  denied the petition.  (LD 6.)

4        6. On January 13, 2013, petitioner filed a petition for writ of habeas corpus in the

5  California Court of Appeal for the Third Appellate District.  (LD 7.)  On January 24, 2013, the

6  California Court of Appeal denied the petition without comment.  (LD 8.)

7        7. On March 3, 2013, petitioner filed a petition for writ of habeas corpus in the California

8  Supreme Court.  (LD 9.)  On May 15, 2013, the California Supreme Court denied the petition

9  without comment.  (LD 10.)

10       8. On June 9, 2013, petitioner filed the instant federal petition.  (ECF No. 1.)

11 IV.  Statutory Tolling

12       Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that

13 petitioner's direct review became final or the date of the expiration of the time for seeking such

14 review.  Id.  In this case, petitioner did not appeal the operative judgment issued on January 31,

15 2011.  Accordingly, his conviction became final sixty days later on April 1, 2011.  Cal. Rules of

16 Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).  The AEDPA statute of

17 limitations began to run the following day, on April 2, 2011.  Patterson v. Stewart, 251 F.3d 1243,

18 1246 (9th Cir. 2001).  Absent tolling, petitioner's last day to file his federal petition was on

19 Monday, April 2, 2012, because April 1, 2012 fell on a Sunday.

20       Petitioner filed his first state court petition on January 24, 2012.  This filing was made

21 within the limitations period, and tolls the statute of limitations.  Thus, the limitations period ran

22 from April 2, 2011, until January 23, 2012.  By January 24, 2012, the date he filed his first state

23 petition, 296 days of the limitations period had elapsed.  The limitations period was then tolled

24 from January 24, 2012, through February 2, 2012, the date the petition was denied.  The

25 limitations period began to run again on February 3, 2012.  Petitioner had 69 days[4] left in which

26 to file his federal petition, which was due in federal court by April 12, 2012.

---

[4] The 69 figure was calculated by subtracting the number of days elapsed from the limitations period from the 365 day (one year) period.  (365- 296 = 69).

However, petitioner's next filing was not made until November 4, 2012, when he filed a second petition in the San Joaquin County Superior Court, after the limitations period expired.[5] The filing of a state habeas petition after the limitations period expired cannot revive the statute of limitations, and has no tolling effect. Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482 (where petitioner filed his state post-conviction relief petition after AEDPA statute of limitations period expired, delay results in absolute time bar.) Therefore, none of petitioner's subsequent collateral challenges serve to toll the limitations period because all were filed after the limitations period expired.

Petitioner did not file his federal petition until June 9, 2013, over a year after the statute of limitations period expired on April 12, 2012. Thus, absent a later start of the statute of limitations period, or the application of equitable tolling, the instant petition is time-barred.

V. Actual Innocence

Petitioner does not dispute that his conviction became final on April 1, 2011, or that all but one of his state court pleadings were filed after the statute of limitations period expired. (ECF No. 27.) Rather, petitioner contends that he is actually innocent of the crimes for which he was convicted, and argues that it would be a fundamental miscarriage of justice for the court to dismiss the petition as barred by the statute of limitations.[6] (ECF No. 27.)

A showing of actual innocence supports an equitable exception to the statute of limitations. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup gateway and have his constitutional

---

[5] Because petitioner's second state court filing was made outside of the limitations period, the court need not address the fact that petitioner did not proceed from a lower state court to a higher state court. Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).

[6] On March 25, 2014, petitioner was advised that he could file an amended opposition on or before May 7, 2014 (ECF No. 28), and such order was re-served on his new address on April 8, 2014. Thirty days from April 8, 2014 have passed, and petitioner has not filed an amended opposition.

5

1   claims heard on the merits." Lee, 653 F.3d at 937, citing Schlup v. Delo, 513 U.S. 298 (1995)[7];

2   accord McQuiggin, 133 S. Ct. at 1928.

3         A petitioner claiming actual innocence must satisfy the Schlup standard by demonstrating

4   "that it is more likely than not that no reasonable juror would have convicted him in the light of

5   the new evidence." Lee, 653 at 938. Actual innocence in this context "means factual innocence,

6   not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998); Jaramillo

7   v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003) (accord). To make a credible claim of actual

8   innocence, petitioner must produce "new reliable evidence -- whether it be exculpatory scientific

9   evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented

10  at trial." Schlup, 513 U.S. at 324. The habeas court then considers all the evidence: old and new,

11  incriminating and exculpatory, admissible at trial or not. House v. Bell, 547 U.S. 518, 538

12  (2006). On this complete record, the court makes a "'probabilistic determination about what

13  reasonable, properly instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 330).

14        Here, petitioner does not produce new evidence; rather, petitioner merely refers the court

15  to the petition. (ECF No. 27.) In the operative amended petition, petitioner's claims focus on his

16  theory that he was unlawfully detained and searched, and that at no time prior to his arrest was he

17  advised of his Miranda[8] rights. (ECF No. 4 at 19-20.) Petitioner provided a portion of the

18  transcript from the September 24, 2010 suppression hearing. (ECF No. 4 at 53-76.) The arresting

19  officer, Officer Garlick, approached petitioner after he exited his car, advised petitioner that he

20  could smell marijuana on petitioner, and asked petitioner if he had any marijuana on him. (ECF

21  No. 4 at 67.) Petitioner removed marijuana from his pocket, later determined to be about 7.79

22  grams, and handed it to the officer. (ECF No. 4 at 67; 72.) When the officer searched petitioner,

23  the officer also recovered almost $2,000 in cash. (ECF No. 4 at 60.) The officer then observed

24  petitioner's car, noted the smell of marijuana in the car, and, given petitioner's possession of

---

[7] In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief. Id.

[8] Miranda v. Arizona, 384 U.S. 436 (1966).

marijuana and the large amount of cash, the officer searched petitioner's car, finding about 75 grams of rock cocaine and 36 grams of powder cocaine. (ECF No. 4 at 60-61.) Also, the officer was aware that petitioner was previously a narcotics dealer, knew petitioner had a prior state and federal arrests and convictions, and that petitioner was "in the highest narcotics area in the city of Stockton." (ECF No. 4 at 61.) Petitioner states that four bystanders, who were within earshot when petitioner was arrested, heard petitioner tell the officer that petitioner had a cannabis card and that he had a lawful right to possess the marijuana. (ECF No. 4 at 19.) These witnesses testified at the suppression hearing. (Id.)

The judge found that "there was in fact sufficient cause for Officer Garlick to search the car given what he found out. . . . if you add all the circumstances up and given the fact the car is not really a safety issue, reaching issue, more of a sufficient basis for this officer to search that car and I believe there is." (ECF No. 4 at 81.)

Here, petitioner provided no new evidence or facts in the operative petition; rather, petitioner re-argues facts argued in the trial court. Petitioner adduces no new evidence, but rather argues the legal implication of facts surrounding his arrest. Such arguments are insufficient to pass through the Schlup gateway. Unless petitioner demonstrates he is entitled to equitable tolling, his claims are barred by the statute of limitations.

VI. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert.

1  denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.
2  2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's
3  burden to demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. People of the
4  State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

5       Here, petitioner does not specifically ask for, and he provides no basis for, the application
6  of equitable tolling.  Petitioner fails to address why he filed the instant petition so late, other than
7  to claim he had "no idea" that his federal petition was untimely.  (ECF No. 27 at 1.)  To the extent
8  petitioner claims ignorance of the law may support a claim for equitable tolling, such claim is
9  unavailing.  The Ninth Circuit has held that a petitioner's pro se status and claims of ignorance of
10 the law are insufficient to justify equitable tolling.  See Rasberry v. Garcia, 448 F.3d 1150, 1154
11 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary
12 circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905,
13 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate, but
14 insufficient to establish cause); Fisher v. Ramirez-Palmer, 219 F.Supp.2d 1076, 1080 (E.D. Cal.
15 2002) ("[I]gnorance of the law does not constitute such extraordinary circumstances." ([Citations
16 omitted.]); Sperling v. White, 30 F.Supp.2d 1246, 1254 (C.D. Cal. 1998) (citing with approval
17 cases from various circuits rejecting equitable tolling based on petitioner's lack of legal
18 experience or illiteracy).

19      Petitioner has not demonstrated that he has been pursuing his rights diligently.  Petitioner
20 did not appeal his January 31, 2011 conviction, and waited until January of 2012, to challenge his
21 sentence in state court, and then waited another nine months before filing his next petition in state
22 court.  On such a record, petitioner cannot show diligence, and is not entitled to equitable tolling.
23 Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the
24 existence of grounds for equitable tolling.  See Pace, 544 U.S. at 418 (petitioner bears burden of
25 demonstrating grounds for equitable tolling); Espinoza–Matthews, 432 F.3d at 1026.

26 VII. Conclusion

27      Accordingly, IT IS HEREBY RECOMMENDED that:

28      1.  Respondent's motion to dismiss (ECF No. 22) be granted; and

    2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 9, 2014

/hona1203.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE